## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| NORVAL J. ALMEVDA-SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:21-00648 |
| | ) | |
| D.L. YOUNG, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 13, 2021, Petitioner, acting *pro se*, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody.[1] (Document No. 1.) Petitioner, however, did not file an Application to Proceed *in Forma Pauperis* or pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). By "Notice to Petitioner of Failure to Remit Filing Fee" entered on the same day, the Clerk of the Court notified Petitioner that within ten (10) days the Petitioner must either pay the $5.00 filing fee or submit the appropriate Application to Proceed *in Forma Pauperis*. (Document No. 3.) Petitioner, however, made no further contact with the Court. Accordingly, the undersigned finds that Petitioner has failed to prosecute this action, and therefore, Petitioner's letter-form Section 2241 Petition in this case should be dismissed.

### ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*.[2] <u>See</u>

<u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

<u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Petitioner as the Respondent has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2) (2002). "Section

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." <u>DeBlasio v. Gilmore</u>, 315 F.3d 396, 398 (4th Cir. 2003). Petitioner has not paid the requisite filing fee or to file an Application to Proceed *in Forma Pauperis*. Petitioner, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion" or that the Respondent has been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be unjust in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the Clerk's Notice entered nearly two years and five months ago advising Petitioner that he must either pay the filing fee or file an Application to Proceed *in Forma Pauperis.* (Document No. 3.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted.[3] Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute within 30 days of the entry of this Proposed Findings and Recommendation.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's letter-form Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's

---

[3] According to the BOP's website, Petitioner was released from custody on July 28, 2023.

docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: May 29, 2024.

Omar J. Aboulhosn
United States Magistrate Judge

4